We will hear argument next in No. 242321, Pictometry International v. Roofr. Good morning, Your Honors, and may it please the Court. The Board's decision here is unusually sparse. It invalidated all claims in just a few pages without analyzing the prior art or even addressing our experts' testimony. In fact, the Board didn't acknowledge that we had even submitted an expert declaration. And the Board's errors are most apparent for the predominant pitch limitation that is recited in all claims. The Board equated Bailey's predominant slope with the claim phrase predominant pitch simply because they use similar labels. The labels are not to dispositive context is. In context— You asked the Board to construe a predominant pitch. We didn't, Your Honor, not expressly, and that wasn't our burden to do. It was petitioners' burden to provide an interpretation of the claim in its petition and to explain how the prior art satisfies that interpretation. The problem here is that the Board rejected the only interpretation that Roofr proffered in the petition. We see on the very first page of the petition, Roofr said the predominant pitch is weighted up. Appendix 69. Right, and just as a general matter, anytime anybody reads something— Certainly, Your Honor. We need to be able to look at it. Certainly. Appendix page 69, which is page 1 of Roofr's petition. They set the end of that first paragraph. Prior art roof measurement techniques also included the claim to predominant pitch measured, i.e., a weighted average of roof pitch values. That's one place. They set it again at appendix 89, which is page 21 of the petition. First sentence of the first full paragraph, they said, Bailey expressly teaches finding the predominant slope, i.e., pitch, which Mr. Cummings, their expert, explains is a weighted average of roof pitches. That was their argument in the petition. They even went so far as to say at appendix 118 that a predominant pitch is not a straight average. The board rejected that interpretation at institution at appendix page 250. So at that point, there was a fundamental inconsistency between what Roofr had argued in its petition, which is supposed to guide the life of the proceeding, and the board's apparent interpretation of the phrase. The problem is the board never provided an alternative construction, and so it was Roofr's burden to try to reconcile what it had argued with the board's apparent interpretation. The problem is that Roofr never did that. It swept the issue under the roof. I understand. Are you contending that there needed to be claim construction on this term or that there did not need to be claim construction on this term? My contention, Your Honor, is that effectively toward the end of the proceeding, the parties agreed on the term, meaning the predominant pitch has to count for all pitch values of the roof. And if the board agreed with the party's agreement, then it didn't have to construe the term. If the board disagreed with that and thought that there was a dispute as to claim meaning, then yes, it would have been incumbent upon the board to construe the term and to resolve the party's dispute. The problem is that the board didn't do either of those things. It didn't say, yes, there is agreement, the claim term means this, and therefore, Roofr has not carried its burden, nor did it even say what it thought the term means and why the Bailey reference satisfies it. And the APA ensures that this court need not guess as to what the board may or may not have been thinking. And to answer Your Honor's question more directly, you asked whether we proposed inexpress construction. We didn't, but we very clearly disputed this issue. For example, most prominently at the oral hearing at Appendix 543, we said that even though Bailey and the patent use the same words, they have different meanings. Back up from the hearing, you read us, helpfully, the stuff on page 88 and 89 from their petition about where they claim that Bailey teaches predominant pitch, slope, they say the same thing, and it tells how Bailey does it. Did you respond to this in your patent owner's response? So we did, Your Honor, in a couple of ways. For example, at Appendix 329 of our patent owner response, we said Bailey does not provide any discussion of the details of this predominant slope. And their expert actually conceded that point during his deposition, and that would be at Appendix 5049. He conceded that Bailey never defines his predominant slope, nor does it ever explain how it's determined. We then showed with our expert testimony at Appendix 4988 that Bailey's predominant slope is actually the most common pitch, the pitch that corresponds to the majority of the roof sections. And they never... Those are two different things. Precisely, Your Honor. The weighted average, what they argued in... No, no, no. So it seems to me, if you say something, you know, a pitch is predominant on its face, you immediately, I would think, understand you haven't specified yet what is covered. So many different things could be covered. One could be a median. One could be a mean, various sorts. So, you know, weighted average mean. One could be the mode of the various pitches, which appears most commonly. Another one, which I think is what you were referring to, is that it is the pitch of the single largest surface area. Why doesn't the term cover all of that? Well, that's sort of the common English usage of predominant. But our expert testified at Appendix 4988, as I noted, that Bailey's predominant slope, in the context of Bailey, is actually the most common slope. And I think the parties agreed at the oral hearing that the predominant pitch, as claimed, has to account for all the pitch values and combine those pitches. That's not something... But that's a claim construction, though, that you didn't ask for. We didn't expressly ask for it, Your Honor. But again, it was... Let's say, hypothetically, you have a roof that has two different pitches. There's just two different sections. One part of the roof is 98 percent of the roof overall. Two percent is a different, slightly different pitch. What is wrong with looking at it and saying, we don't have to do weighted averages. The predominant pitch of this roof is the 98 percent, and we can get a good enough estimate of the entire roof size for that. Well, in the abstract, there's nothing wrong with that, and that's exactly what Bailey does. The problem is that our patent is different. The claims are... Problem is, you want a weighted average of all the different roof sections, right? No, Your Honor. We're not going that far. What do you want? What does predominant pitch in your patent mean? This is your problem. You didn't ask for a claim construction. We didn't ask for a claim construction, but we did argue that Bailey discloses most common pitch, and it doesn't cover our patent, and so that should have been sufficient, but I would... Without understanding what predominant pitch means in your patent, it seems to me that Bailey teaches one definition of predominant pitch, which is the most common one. But again, I think the party... You're arguing for a definition of predominant pitch that is more specific than the common understanding, right? Yes, we are. The parties agreed on that. You're arguing that something... You know, you can argue the parties agreed on it. It doesn't help you if you didn't get a claim construction on that, because the board can look at the plain language and say Bailey meets it. So where in your patent does it actually come up with its own definition of predominant pitch, and where did you argue that to the board? It seems to me all you said is, well, Bailey doesn't show our patent. But if we don't know what the construction of predominant pitch is, and we just use plain and ordinary meaning, then Bailey is certainly a form of predominant pitch. Well, to answer Your Honor's question about what in the patent defines the term, we're not alleging lexicography here. We're saying simply that the claim term, in light of the intrinsic record as a whole, carries a narrow meaning. First, the claims, Claim 1, for example, of Appendix 38, characterizes the nature of what a predominant pitch is based on how it is used. It says that... Do you at least agree that in order for you to win on your predominant pitch arguments, we would need to agree with your construction that you're now providing? Well, no, because our bottom line argument is that the board didn't say how the prior art satisfies the limitation. So at the very least, that's an APA violation that requires vacater and remand. If we're talking about reversal versus remand, then yes, I would agree that the court would need to agree with our interpretation, which, again, I think was shared between the parties. But the problem... Can we just get back to what I guess Judge Hughes was talking about, and I think I was... So the phrase predominant pitch could cover a bunch of different things. And as long as Bailey teaches one of them, and as long as there's not a claim construction, then that's enough for the board to conclude that Bailey comes within a term that could cover a variety of different things. So I think that... What's deficient about that? I think that is correct if the court rejects our interpretation. But the problem is the board never said that. It never said that petitioner relied... But when you're not pressing for a claim construction, what the board has is a term, not construed. Nobody's asking for it to be construed. On its face, it could reasonably cover a number of different things. It no longer has to do claim construction. All it needs to do is to say, Bailey is one of those reasonable things. Fact question. Well, I still think the board needs to make that finding so as to permit meaningful judicial review. It is true we did not provide an express construction, but we did say this is a claim construction issue at Appendix 544. We said the claim predominant pitch is not what is presented in Bailey at Appendix 548. The board could have rejected that and said, no, we disagree. Or, you know what? There's an implicit dispute between the parties that we have to resolve under 02-micro. The board didn't do that. So what you just said is... I wasn't fast enough to hear. Sure, sorry. You're all right. You said, Bailey doesn't do this. Yes. What affirmative assertion did you make about what is required? Not what's outside some undefined concept of what's required, but what was your offering for the definition, affirmative definition, of what is required by this term? We didn't offer that affirmative definition. We did it in two steps. We said what Bailey discloses, which is most common, and we said that that is not covered within the claim. And throughout their decision, they respond to what seems your more specific argument, at least there, that Bailey doesn't teach looking at roof images for predominant pitch. And so we don't need Bailey for looking at roof images. We get that from Pershing. All we need for Bailey is predominant pitch. And so they clearly understand Bailey to disclose predominant pitch. That is true. They said that over and over again. I don't understand what you think they didn't decide. They said Bailey has a predominant pitch. Simply because slope is interchangeable with pitch. And that's all we're saying. The board didn't look under the hood as we suggested. They didn't have to because there's no claim construction that has any further details. They looked at the disclosure, and Bailey has discussions about how you determine the predominant slope of the roof. And they thought that's the same thing as pitch. Why is that not good enough without actually a specific claim construction to meet? Well, in part, I think this brings me back to the beginning is that the board rejected the only interpretation that was proffered in the petition. And at that point, they're at plain and ordinary language because you didn't propose anything else. And what's wrong with saying the plain and ordinary meaning a predominant pitch includes predominant slope? I don't think there's anything wrong with that per se. Just it wasn't our burden to reconcile the petition with what the board may have. But if you want a more specific definition that's not the plain and ordinary meaning, it is your burden to ask for it. And you didn't do it. I understand, Your Honor. Not expressly. But I do want to turn to the dependent claims very quickly because they present an independent legal error. Here, the dependent claims refer to a very specific type of predominant pitch, namely one that is calculated using a weighted average. Regardless of what Bailey's predominant slope is, everyone agrees that it is not a weighted average or even a straight average. And Rufer concedes at page 18 of its red brief that the board never found that Bailey discloses a weighted average. So this is a missing claim limitation. But this, again, it's obviousness here, right? So it doesn't have to be that Bailey discloses that. Do you agree with that? I do agree with that, Your Honor. The problem is that rather than asking whether this specific type of predominant pitch would have been obvious, the board asked whether the general mathematical concept of weighted average was known. It then turned to a dictionary definition of weighted average that was nowhere in Rufer's obviousness combination and said the mathematical concept was known. Therefore, it necessarily would have been obvious to use that concept. But the board also relied on expert testimony in addition to that dictionary, correct? Well, it's cited to one paragraph indirectly, meaning it's cited to the reply brief, which in turn cited to paragraph 97 of their expert declaration. Even if we can be sure that the board expressly endorsed that paragraph, that doesn't help them because that paragraph simply says that weighted averages were known. He cites the dictionary for that proposition, which is full circle. More importantly, the board ignored our expert testimony that said if one were to do this, they would not use a weighted average. The board nowhere discussed our expert. And in fact, in appendix four, when the board noted that Rufer submitted a declaration, it nowhere acknowledged that we had done the same. At the very least, the board is required to address all evidence of record, including evidence that detracts from its overall conclusion. I see I'm very short in time, unless there are other questions. Perfect. Overtime. Thank you. I'll restore your rebuttal. Thank you, Your Honor. I appreciate that. May it please the court. Good morning, Your Honors. Ron Huggies on behalf of Appellee Rufer. I want to jump right into the claim construction argument. So Rufer agrees there was never a request for the board to construe the term predominant pitch by either side. Now, just to give a little bit more context for the arguments that were made and how predominant pitch came up, in the petition originally, Rufer argued that Bailey discloses predominant pitch because Rufer took the position that Bailey's predominant pitch is a weighted average. Do you have a page site for us to look at? So this was actually referring to the, I can't, Your Honor. This was referring to page one of the petition that... Appendix 69. That's correct. Appendix 69. I was responding to some of the page sites from the argument prior to me. And so the position that Rufer was taking is that because that Bailey is a weighted average, and therefore, Bailey discloses a predominant pitch. Now, in Patinone's preliminary response, they argued Bailey does not specifically disclose a weighted average. Therefore, there is no predominant pitch. In its institution decision, and this is... Sorry, I'll give you page sites for that. This was Appendix 209 to 215 in the pre-institution Patinone response. They argued Bailey does not disclose a weighted average. Therefore, it doesn't disclose the predominant pitch in claim one. In its institution decision, the board said, and this is Appendix 250 to 251, nothing in the claim's plain language limits predominant pitch to a weighted average. Now, Rufer accepted that construction because under the petition, according to the petition, as long as Bailey discloses a predominant pitch, however that is calculated, that is sufficient under the board's construction or interpretation in the institution decision. And Bailey does disclose a predominant pitch in terms of a predominant slope, which neither side below argued are different from each other. Now, in its post-institution response, Pictometry or Patinone really only made three arguments, and none of them went to... For the... Rather, only three arguments for the independent claims, and none of them went to whether Bailey discloses a predominant pitch at all. First argument was that Bailey only determines a predominant pitch for a section of the roof, and not for the entire roof. This is not about what a predominant pitch means. This is about whether it's for some or all of the roof. And that was at Appendix 330 to 331. I'm sorry, why would it not be an argument that the resulting number is not predominant if you ignore pieces of the roof? It wasn't about whether you ignore whether it is predominant or not. They argued Bailey's predominant pitch is applied to a section of the roof and not to the entire roof. Right, but I thought you just said that was not an argument about why Bailey doesn't teach predominance. How could it not be an argument for that? Because the argument wasn't about what the term predominant pitch means. It was whether it is applied to a portion of the roof or the entire roof. So Bailey still characterizes it as a predominant pitch, but there is a section in Bailey that says it can be for a section of the roof. Now, Bailey also says the section of the roof can be the entire roof. So it still discloses applying the predominant pitch to the entire roof. But why isn't that? I mean, I don't know that makes much difference. But it does seem to me that argument is at least implicitly suggesting that they have a different definition of predominant pitch than you do and Bailey does, because their view is predominant pitch can't just use a majority section of the roof as representative of predominant pitch. And if that's the case, if that's what they mean is predominant pitch in their patent has to account for 100% of the roof, then Bailey doesn't do that, right? Or let's just assume Bailey doesn't do that. I want to get into a discussion about that.  I don't think that it was a definition of predominant pitch. I think they were arguing that in the context of the claim language. The claim limitation says determine a footprint in predominant pitch of the roof by analyzing one or more images showing the roof. And the argument that they made in their patent owner response was if Bailey only discloses determining the predominant pitch for a section of the roof, it's not a predominant pitch of the roof. But if you are considering the entire roof, how you calculate the predominant pitch for that roof, that wasn't an argument that was raised. And that wasn't an argument that they said Bailey does not disclose. I think that's the distinction. Now, with respect to the independent claims, the only two other arguments was not whether or not Bailey discloses the claim predominant pitch, but how it's used. So patent owner argued that Bailey doesn't disclose estimating the area of the roof based on the predominant pitch, which was Appendix 332 to 337, and that it doesn't disclose determining the predominant pitch by analyzing an image of the roof. But there was no question that Bailey's predominant pitch qualifies as a predominant pitch in the claims, or no argument of predominant pitch. Is this where what I was referring to with your colleague on the other side, the board looked at it and said, we don't need Bailey for this because Pershing is what teaches using the image? Exactly, Your Honor. So Pershing already discloses doing the footprint and calculating a pitch for the roof. It just doesn't specifically say use a predominant pitch. And Pershing already says analyze the image of the roof to determine pitch. And so Bailey comes into the combination by adding the predominant pitch as a proxy for the pitches for the larger, for the rest of the roof. Now, if there was any question as to patent owner's position below, I think they resolved it during the oral hearing, where as they were making the arguments about claim construction and predominant pitch, the board asked specifically, does this matter for the independent claims, or is it only for the dependent claims? And this was, yes, Your Honor. This was, I think, appendix 542 to 543. I think the discussion might have begun on 541. But the quote at issue that I want to direct your attention to on 542 to 543, patent owner said that the predominant pitch, or the question of how predominant pitch is calculated, only directly relates to the dependent claims. And in their reply, they said, well, we also said it indirectly relates to the independent claims. But the full sentence there is that it indirectly relates to the independent claim only with respect to the credibility of the expert. So there was no argument that how you calculate or how you determine predominant pitch is relevant to the board's decision as to whether Bailey disclosed a predominant pitch for the claims and the independent limitations. And I think more importantly, in any event, I don't think neither side ever proposed a construction that specifically excludes just the most common pitch methodology of determining predominant pitch. What about page one of your petition? So page one of the petition was directed to, was number one, summarizing the petition as whole, which includes the weighted average limitations and the dependent claim. And our argument at the time was that Bailey disclosing a predominant pitch discloses a weighted average, because that's how it would be understood as a term of art. Now, they disagreed. And the board ultimately said the term predominant pitch in the claims is not limited to that one specific method. But at least in page one of the petition, and if you review the actual discussion of the limitation in the independent claim relating to the predominant pitch, we didn't take the position that predominant pitch only means weighted average, and therefore that's not You did use IE as opposed to EG on page one of your petition, right? And the focus there, the IE was our position on what the term of art means. So our argument was, there are two arguments. With respect to the dependent claims, we said, well, predominant pitch as a term of art is already a weighted average. Therefore, Bailey expressly discloses it. And then we also included an obviousness combination based on the construction dictionary definition of weighted average. But that wasn't a construction, or that wasn't an argument as to claim construction for the patent itself. We said, and I think you said that the other side opposed that idea. Was that in the preliminary response? Not initially. In their preliminary response, they argued, well, Bailey doesn't teach a weighted average specifically, and so Bailey doesn't disclose claim one. So what were you referring to? So after the institution decision where the board said, well, Bailey is broader than, or it's not Bailey, the predominant pitch in the claims is not limited to a weighted average. In the context of discussing the dependent claims, which do specifically recite a weighted average, their expert opined, predominant pitch in the art is not limited to a weighted average. And predominant pitch in the art could also include this most common pitch determination. And so that was an argument being made in the context of the dependent claims. Now, we ultimately didn't pursue the argument that Bailey by itself discloses a weighted average for the dependent claims. Ultimately, in our reply and at the oral hearing, we relied on the combination based on the, rather relied on obviousness based on the construction definition that specifically says when you have multiple values, you can use a weighted average to combine them to get a more representative value for the whole. But that's the argument, or that's where they disputed predominant pitch as a weighted average. It was never in the context of the independent claims. And now, in the context of the dependent claim, the two of them, let's, you don't say there's a material difference between the one that says average and weighted average, or do you? I think there is a difference between a straight average and a weighted average, potentially. But I'm sorry, I don't have the, what's the claim? Oh, between claims 11 and 18. 11 doesn't say straight average. It says an average. Well, so claim 11 specifically is, requires each pitch value to be associated with an estimated percentage of the roof area. So that's, I think our view is that's equivalent to a weighted average. If each pitch. Right, okay, that's, I just want to, yeah, 11 and 18 for purposes, for these purposes can be treated together, right? I believe so. Okay, so I took it that your friend on the other side's argument about this, we're now talking about the dependent claim, is that that is not taught, and maybe you didn't even really make a evidentiary argument about why it would be obvious to do that. Yes, we absolutely did, Your Honor. That is in. So at Appendix 407 to 408 is where we addressed it in the petition. We expressly relied, cited to the construction dictionary and the definition of a weighted average, which is the corresponding paragraphs of the expert declaration on those claims. Our expert and the petition argue that because a weighted average is more representative, or rather provides a more accurate representation of the individual components of the weighted average, and that comes out of the definition itself. The definition itself that was cited says that a weighted average gives a more accurate representation. So our argument is, Bailey discloses- I'm sorry, and is that in the roofing context? That is in the construction context generally. Our expert also opined, and this is on 1541 to 1542, our expert opined that weighted averages are used generally in the construction context, and it would be obvious, roofing is kind of a subset of construction, that it would be obvious to apply that definition specifically in the context of a roof. And even more specifically in the context of Bailey, where we have to determine a predominant pitch, and Bailey doesn't specifically say you have to do it in this particular way. Well, that means a person of ordinary skill in the art has to decide how to calculate it, and weighted average would be a preferred way to do it, because a weighted average gives you a more accurate representation of the entire roof. So that- So what is your response to opposing counsel's concern there was over-reliance on the construction dictionary definition? I don't see how there could be over-reliance. It's an obviousness combination, and that was part of the combination. So collectively, the references disclose everything that's required in the dependent claims. There is- everything except for the predominant pitch is undisputedly in Pershing and the Kennedy references. The introduction of predominant pitch itself is in the Bailey reference, and the independent claims we already argued and provided evidence that when you combine Bailey's predominant pitch into Pershing 789 or Kennedy, then the result would be using the predominant pitch for the roof estimation as opposed to the individual pitch value. What is your response to opposing counsel's argument that the decision is too terse, the decision doesn't explain enough about how it's getting to its conclusions? I think the decision does as much as it needs to under the circumstances. The disclosure in the patent itself is only a paragraph, and the decision, essentially realizing that there is limited arguments here, goes through and summarizes Ruffer's arguments, summarizes Pictometry's counter arguments, which in the independent claims there was really only two of them, and on the dependent claims there was really only two of them, summarizes them, and then concludes we agree with the petitioner. They addressed specifically Pictometry's counter arguments and why they disagreed with those. They said both they agree with the petitioner, they cited the relevant portions of the petition and additional supporting evidence, and they said that the petitioner provided a rational underpinning for its obviousness combinations. So the rationale is clear. Pictometry may disagree with it, but I think there is a clear explanation and substantial evidence supporting it. I'm out of time. Thank you, Your Honors. Thank you. Thank you, Your Honors. I do want to make one thing clear. The decision is not just Turf's. It doesn't address our expert testimony, didn't acknowledge that we had submitted a declaration. That's true for both the independent and dependent claims. For the dependent claims, I heard my colleague on the other side say the dictionary was part of the obviousness combination. That is incorrect. The obviousness combination included the primary reference Pershing and Bailey. That's it. Their expert relied on a dictionary for the sole proposition that weighted averages were known and are more accurate than straight averages. But Bailey doesn't even disclose a straight average. That is now undisputed. The board simply used the proposition that weighted averages were known to find that the particular predominant pitch in the dependent claims was obvious. That is the wrong inquiry, and I think it's fairly foreclosed by Vertec Vision. In other cases, saying that the mere fact that a feature is known in the abstract is insufficient to find obviousness with regard to the art at issue. I also want to address my colleague's statement that we somehow conceded the case during the oral hearing by saying that the predominant pitch issue was irrelevant. That is also incorrect. We said that the way the predominant pitch is determined directly rates to the dependent claims. This is Appendix 543. And we said it's indirectly related to the independent claims. We then explained why at the bottom of Appendix 543. We said, so Bailey and the patent used the same words, predominant slope, predominant pitch, but different meanings as they relate to the 538 patent and what's being presented here. In effect, this is a claim construction issue. Could we have argued that more forcefully during the course of the proceeding? Perhaps. But did we do enough to alert the roofer and the board? We absolutely did. This was not forfeited. Again, the board rejected their interpretation of the petition and never backfilled it with anything else. It wasn't our burden to reconcile those positions. At the very least, we need a remand for the board to explain its reasoning and what it believed the term means and why the art satisfies it. Thank you, Your Honors. Thank you. Thanks to all counsel. This case is submitted.